IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:07CR43-1 |
| v. | : | |
| DANILO QUESADA-GUERRERO | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, DANILO QUESADA-GUERRERO, in his own person and through his attorney, Charles L. White, and state as follows:

1. The defendant, DANILO QUESADA-GUERRERO, is presently under Indictment in case number 1:07CR43-1, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride; Count Two charges him with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), possession with intent to distribute 7,976.03 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride; and Count Three charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of firearms in furtherance of a drug trafficking crime.

2. The defendant, DANILO QUESADA-GUERRERO, will enter a voluntary plea of guilty to Counts One and Three of the Indictment herein. The nature of these charges and the elements

of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, DANILO QUESADA-GUERRERO, understands that as to Count One of the Indictment herein he shall be sentenced to a term of imprisonment of not less than ten years, or more than life, and a fine not to exceed $4,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

   b. The defendant, DANILO QUESADA-GUERRERO, understands that the statutory penalty for Count Three of the Indictment provides that he shall be sentenced to imprisonment for not less than five years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. Defendant, DANILO QUESADA-GUERRERO, further understands that the maximum fine for Count Three of the Indictment is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

   c. The defendant, DANILO QUESADA-GUERRERO, also understands that as for Count Three of the Indictment the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more

2

than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    d. The defendant, DANILO QUESADA-GUERRERO, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  3. By voluntarily pleading guilty to Counts One and Three of the Indictment herein, the defendant, DANILO QUESADA-GUERRERO, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

3

4. The defendant, DANILO QUESADA-GUERRERO, is going to plead guilty to Counts One and Three of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

 a. Upon the acceptance by the Court of a guilty plea by the defendant, DANILO QUESADA-GUERRERO, to Counts One and Three of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, DANILO QUESADA-GUERRERO. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

 b. The defendant, DANILO QUESADA-GUERRERO, agrees that the substance involved in the offense alleged in Count One of the Indictment is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

 c. It is further understood that if the Court determines at the time of sentencing that the defendant, DANILO QUESADA-GUERRERO, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to

Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, DANILO QUESADA-GUERRERO, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, DANILO QUESADA-GUERRERO, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 13TH day of April, 2007.

ANNA MILLS WAGONER
United States Attorney

CHARLES L. WHITE
Attorney for Defendant

RANDALL S. GALYON
NCSB #23119
Assistant United States Attorney

DANILO QUESADA-GUERRERO
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

6